UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NICHOLASVILLE GREENS, LIMITED ) PARTNERSHIP, ) | Case No. 10-53298 |
| ) | |
| Debtor. ) | Hon. Tracey N. Wise |
| ) | |

**MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES**

Nicholasville Greens, Limited Partnership, as the debtor and debtor-in-possession ("Nicholasville Greens" or the "Debtor"), through its proposed undersigned counsel, hereby moves (the "Motion") for entry of an order, under sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing for the joint administration of the Debtor's chapter 11 case with the chapter 11 cases of Creekside Senior Apartments, Limited Partnership (Case No. 10-53019) ("Creekside"), Franklin Place Senior Apartments, Limited Partnership (Case No. 10-53300) ("Franklin Place"), and Pennyrile Senior Apartments, Limited Partnership (Case No. 10-53301) ("Pennyrile") (collectively, with Nicholasville Greens, the "Debtors") for procedural purposes only. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. sections 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A).

2. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9013.

## BACKGROUND

**The Debtors**

3. The Debtors are four Kentucky limited partnerships engaged in the business of owning, operating, and leasing four low-income housing apartment complexes located in Kentucky. While each of the Debtors is a separate limited partnership operated by a separate general partner, Alliant Real Estate Investments, LLC, a Florida limited liability company, ("Alliant") is the sole member of each of the Debtors' general partners. Thus, the Debtors are all indirectly owned and controlled by the same entity, Alliant.

4. Each of the Debtors is likewise indebted to the same entity, Bank of America, N.A. (the "Secured Lender"), on account of monies advanced for the acquisition, rehabilitation and/or construction of its low-income housing apartment complex.

**The Bankruptcy Cases**

5. On September 22, 2010, Creekside filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Kentucky (the "Court"). On October 19, 2010, Pennyrile, Nicholasville Greens, and Franklin Place filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed, and no creditors' committee has been appointed in the Debtors' bankruptcy cases.

**REQUESTED RELIEF**

6. By this Motion, the Debtor hereby seeks entry of an order, under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9013, consolidating the Debtors' chapter 11 cases for procedural purposes only.

**BASIS FOR RELIEF**

7. Section 105(a) of the Bankruptcy Code provides, in relevant part, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). [1] The Debtor submits that it is appropriate to consolidate the Debtors' chapter 11 cases for procedural purposes only as such consolidation will result in significant judicial economy and cost savings that support the rehabilitative purposes of chapter 11.

8. There is sufficient commonality between the Debtors' chapter 11 cases to order joint administration. First, each of the Debtors owns and operates low-income housing apartment complexes in Kentucky. Second, each of the Debtors is indirectly owned and controlled by the same entity, Alliant. Third, each of the Debtors is indebted to the same bank, the Secured Lender. Fourth, as all of the Debtors are single-asset real estate debtors, each of the Debtors' chapter 11 cases will likely involve similar issues such as valuation of the Secured Lender's interest in the low-income housing apartment complexes and similar plan confirmation issues. Accordingly, it is appropriate to order the Debtors' cases be jointly administered.

9. Moreover, the joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the

---

[1] The Debtor seeks the relief requested herein pursuant to the Court's equitable powers under section 105(a) of the Bankruptcy Code rather than pursuant to Bankruptcy Rule 1015(b) since the Debtors are not "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code and, therefore, Bankruptcy Rule 1015(b) technically is inapposite.

Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect simultaneously several, if not all, of the Debtors.

10. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases.

11. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

12. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly-administered cases, also annexed hereto as Exhibit A, be as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **CREEKSIDE SENIOR APARTMENTS,** | ) | |
| **LIMITED PARTNERSHIP, et al.,** | ) | |
| | ) | **Case No. 10-53019** |
| Debtors. | ) | |
| | ) | **Hon. Tracey N. Wise** |
| | ) | |

13. In addition, the Debtor requests that the Court make separate docket entries on the docket of each of the Debtors' chapter 11 cases (except that of Creekside), substantially as follows:

> "An order has been entered in this case consolidating this case with the case of Creekside Senior Apartments, Limited Partnership, Case No. 10-53019, for procedural purposes only and providing for its joint administration in accordance with the terms thereof."

14. For the foregoing reasons, the Debtor submits that the relief requested herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

## NOTICE

15. Notice of this Motion has been given via ECF to all parties having entered an appearance in this case, and by U.S. Mail, First Class, to the 20 largest unsecured creditors. The Debtor submits that, under the circumstances, no other or further notice is required.

16. No prior request respecting the relief sought therein has been submitted to this or to any other Court granting the relief requested herein.

## CONCLUSION

17. For the foregoing reasons, the Debtor respectfully requests that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

## NOTICE OF HEARING

Notice is hereby given that the foregoing Motion will be heard by the Court on October 28, 2010 at 11:00 a.m. (ET) or as soon thereafter as counsel may be heard in the United States Bankruptcy Court, Third Floor Courtroom, 100 East Vine Street, Lexington, Kentucky 40507.

Respectfully submitted,

DINSMORE AND SHOHL LLP

*/s/ Ellen Arvin Kennedy*
Ellen Arvin Kennedy, Esq.
John M. Spires, Esq.
Dinsmore & Shohl, LLP
250 W. Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
ellen.kennedy@dinslaw.com
john.spires@dinslaw.com
**COUNSEL FOR NICHOLASVILLE GREENS, LP
(UNDER PENDING APPLICATION)**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served this the 19th day of October 2010, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order dated July 25, 2002, to all parties having entered an appearance in this case, and by first-class mail, postage prepaid to the 20 largest unsecured creditors.

*/s/ Ellen Arvin Kennedy*
*Attorney for Debtor*

398486vvvv3